IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH MACK and CANTINA MACK,** | : | CIVIL ACTION NO. 1:14-CV-90 |
| | : | |
| **Plaintiffs** | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PILOT TRAVEL CENTERS, LLC, d/b/a** | : | |
| **PILOT FLYING J,** | : | |
| | : | |
| **Defendant** | : | |

# ORDER

AND NOW, this 18th day of July, 2016, upon consideration of the motion (Doc. 66) *in limine* by defendant Pilot Travel Centers, LLC, d/b/a Pilot Flying J ("Pilot"), wherein Pilot requests that the court exclude from admission at trial the report and testimony of plaintiffs' proposed expert witness, Julius Pereira, III ("Pereira"), and any evidence regarding Pilot's alleged spoliation of evidence, and further upon consideration of plaintiffs' opposition arguments (Doc. 73-1), and the court addressing Pilot's arguments *seriatim*, and turning first to Pereira's proposed expert report and testimony, the court observing that, pursuant to Federal Rule of Evidence 702, a witness qualified as an expert may testify as to his or her opinion when: the expert's specialized knowledge will assist the jury in understanding the evidence or determining a fact of consequence; the expert's testimony is grounded in sufficient facts or data; and the expert's opinion derives from reliable principles and methods and results from a reliable application of said principles to the facts of the case, FED. R. EVID. 702; see Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 588-89 (1993); In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-43 (3d Cir. 1994),

and that, following Daubert, the Third Circuit Court of Appeals describes Rule 702 as embodying "a trilogy of restrictions on expert testimony: qualification, reliability, and fit," Schneider *ex rel.* Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003) (citing In re Paoli, 35 F.3d at 741-43), and the court further observing that, pursuant to Federal Rule of Evidence 704(a), opinion testimony is not excludable merely "because it embraces an ultimate issue," FED. R. EVID. 704(a), but that the rule does not lower the bar so far as to admit *all* opinion testimony, id., advisory committee notes, and must also be read in conjunction with Rule 702, which requires opinion evidence to be helpful to the jury, see FED. R. EVID. 702, and Rule 403, which encourages exclusion of evidence that tends to waste time, see FED. R. EVID. 403, and that this combination of considerations intends to "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach," FED. R. EVID. 704, advisory committee notes, and the court, addressing each of the Rule 702 restrictions in turn, noting: *first*, with respect to Pereira's qualifications, that Pilot ostensibly does not dispute whether Pereira is qualified to testify as a "liability expert," (see Doc. 67 at 9-12), and the court thus concluding, pursuant to the Third Circuit's mandate that courts "interpret the qualification requirement 'liberally,'" Waldorf v. Shuta, 142 F.3d 601, 625 (3d Cir. 1998), that Pereira, a registered architect and member of the International Facility Management Association, (see Doc. 66-1), is qualified to testify regarding industry standards for slip resistant flooring and walk-off mats within truck stops and travel centers; *second*, with respect to the reliability of Pereira's testimony, that Pilot does not argue that Pereira's opinion regarding industry standards or Pilot's efforts to

comply with industry standards is not reliable, (see Doc. 67 at 9-12), and, following an independent review of Pereira's report, the court finding that Pereira's opinion is reliable in its methodology and its application to the facts of this case to the extent Pereira relies upon guidelines specific to Pilot's particular industry[1]; and *third*, with respect to the fitness of Pereira's testimony to the issues of the case and whether his testimony will be helpful to the jury, the court determining that Pereira's opinions concerning industry standards for slip resistant floors and walk-off mats, and Pilot's success or failure in satisfying those standards, may assist the jury in determining Pilot's liability, but that Pereira's opinion concerning the noncomplex question of causation—whether pooled water on the floor near the exit of Pilot's travel plaza store caused plaintiff Keith Mack ("Mack") to slip and fall—is based entirely on his review of video surveillance documenting Mack's fall, evidence which is within the ken of a lay juror, such that Pereira's opinion to this extent improperly invades the province of the trier of fact, and the court thus concluding that Pereira's report and testimony shall be admissible at trial to the extent same pertain to industry standards and Pilot's action or inaction measured against those standards, but shall otherwise be inadmissible, see FED. R. EVID. 403, 702; and turning second to

---

[1] Pereira's report is well-supported by industry-specific sources. (See Doc. 66-1 at 7-8). In addition to these materials, Pereira collects and describes standards derived from building codes and guidelines of indiscernible applicability. (See id. at 3-7). To the extent Pereira intends to testify broadly that Pilot's actions violated these general building codes and guidelines as well as industry-specific guidelines, Pereira will first be required to establish that the standards set forth in the general codes and guidelines are applicable to Pilot.

plaintiffs' spoliation argument and Pilot's request to exclude evidence or reference pertaining thereto at trial, the court observing that, in resolving Pilot's Rule 56 motion, the court declined to apply a spoliation inference against Pilot for failing to preserve in full the video evidence documenting Mack's slip and fall, (see Doc. 55 at 4-9; see also Doc. 59), and further observing that plaintiffs offer no new evidence or argument at this juncture warranting reconsideration of the court's prior ruling, (compare Doc. 48 at 4-9 with Doc. 73-1 at 10-14), and the court thus concluding that any reference to a perceived failure to preserve evidence shall be inadmissible at trial as same is both irrelevant and unduly prejudicial, see FED. R. EVID. 401, 403, it is hereby ORDERED that:

1. Pilot's motion (Doc. 66) *in limine* is GRANTED in part and DENIED in part as set forth in the following paragraphs.

2. Pereira's expert report (Doc. 66-1) and testimony shall be admissible at trial to the extent Pereira's opinions concern standards within Pilot's industry for slip resistant floors and walk-off mats and Pilot's action or inaction measured against those standards. The report and testimony shall be inadmissible to the extent Pereira opines on the circumstances and causation of Mack's slip and fall.

3. Evidence of or reference to Pilot's failure to preserve in full the video evidence documenting Mack's slip and fall shall be inadmissible at trial.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania